_____

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil Nos.  2:07 CV217 DB |
| Petitioner, | : | **REPORT & RECOMMENDATION** |
| vs. | : | |
| STAN M. FRANKLIN, | : | Honorable Dee Benson  Magistrate Judge Brooke Wells |
| Respondent. | : | |

_____

The United States of America filed a petition to enforce its November 9, 2006 IRS Summons ("the Summons") pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).  Judge Cassell issued an Order to Show Cause on April 11, 2007, which referred this matter to Magistrate Judge Paul Warner for a hearing scheduled for June 4, 2007.  However, IRS was unable to locate Respondent for service. Once Respondent was located, the United States submitted a new Order to Show Cause that Judge Cassell signed on October 3, 2007 ("OTSC"), which referred this matter to the undersigned under 28 U.S.C. § 636(b)(3).

The OTSC directed Respondent to file a written response supported by sworn affidavits to the United States' Petition to Enforce the Summons ("the Petition") within ten days of the OTSC being served upon him.  The OTSC also directed the undersigned to convene a hearing on December 11, 2007 at 9:00 a.m. to hear any arguments that would assist the undersigned in determining whether Respondent has shown cause.

On December 11, 2007, this Court convened a hearing at which Respondent was present appearing pro se, and Petitioner was present appearing through Assistant United States Attorney

Jared C. Bennett. Based on the arguments and representations presented in the Petition and at the December 11, 2007 hearing, the undersigned reports the following:

1.  The United States has carried its burden of proof to enforce the Summons. Through the Summons and the declaration of the revenue officer that were attached to the Petition, the United States established that: (1) it sought the summoned information for a legitimate purpose, (2) the summoned information is relevant to the legitimate purpose, (3) the summoned information was not already in the possession of the United States; and (4) that the United States followed proper administrative procedures.

2.  Once the United States has established its initial burden of proof, the burden shifts to Respondent to show why he should not be compelled to comply with the Summons. Respondent failed to submit any timely written objection as required by the OTSC; and by the OTSC's terms, the allegations contained in the Petition are deemed admitted. Thus, Respondent has failed to show cause why he should not be compelled to comply with the Summons. Despite failing to submit any written response to the Petition as required by the OTSC, Respondent, at the hearing, moved to dismiss this action based on his blanket assertion of his Fifth Amendment privilege. However, the Fifth Amendment privilege against self-incrimination when responding to the Summons "'may not be itself used as a method of evading payment of lawful taxes.'" United States v. Schmidt, 816 F.2d 1477, 1482 (10th Cir. 1987) (citations omitted). Instead, Respondent may invoke the Fifth Amendment only when he can "demonstrate that [he has] a 'reasonable cause to apprehend danger' upon giving a responsive answer that 'would support a conviction,' or 'would furnish a link in the chain of evidence needed to prosecute' [him] for a violation of the criminal statutes." Id. at 1481 (citations omitted). In order to meet this burden, Respondent "must factually establish that the risks

of incrimination resulting from [his] compelled testimonial communications [are] 'substantial and "real" not merely trifling or imaginary, hazards of incrimination.'" Id. (citations omitted). Respondent must offer evidence to "justify [his] claim that 'injurious disclosure could result' from a responsive production of the summoned documents."[1] Id. (citations omitted).  Respondent has wholly failed to meet this burden to assert the Fifth Amendment privilege against self-incrimination at this point.  Therefore, this Court reports that his blanket assertion of the Fifth Amendment is insufficient to show cause as to why he should not be compelled to comply with the Summons.

Consequently, the undersigned recommends that:

1. The District Court find that Respondent has failed to show cause why he should not be compelled to comply with the Summons; and

2. The District Court order Respondent to provide the the information required by the Summons to his legal counsel's office by no later than 20 days after the District Court adopt this Report and Recommendation.  The IRS offices are located at 50 South 200 East, Salt Lake City, Utah 84111.

---

[1] In addition to the above-mentioned requirements that Respondent must show to invoke the Fifth Amendment, the Schmidt court added:
> to validly raise the Fifth Amendment privilege, <u>appellants must comply with the instructions of the summons</u>.  At the appropriate time, appellants may interpose their claim of Fifth Amendment privilege pertaining to specific documents and in response to individual questions upon their reasonable belief that a compulsory response by them to these testimonial matters will pose a substantial and real hazard of subjecting themselves to criminal liability.  At that time, the appropriate parties could then seek judicial determination on each claim of privilege with respect to the specific documents summoned and questions asked by the IRS.

816 F.2d at 1482 (emphasis added).  In this case, Respondent has failed to do any of this and , thus, has wholly failed to meet his burden to invoke the Fifth Amendment.

Within 10 days after being served with a copy of this Report and Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Judge to whom this case is assigned shall make a de novo determination upon the record of any portion of the undersigned's disposition to which specific written objection has been made. The District Judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

DATED this ~~11th~~ 28th day of December 2007.

BY THE COURT:

*Brooke C. Wells*

BROOKE WELLS, Magistrate Judge
United States District Court

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Utah, and that a copy of the foregoing **REPORT & RECOMMENDATION** was mailed, postage prepaid, this 11th day of December 2007 to the following:

Stan M. Franklin
1901 South Sossaman Road
Mesa, AZ 85209


                /s/ Jared C. Bennett